1  ROGERS JOSEPH O'DONNELL
2  Aaron P. Silberman (State Bar No. 161021)
   asilberman@rjo.com
3  Joshua M. Deitz (State Bar No. 267454)
   jdeitz@rjo.com
4  311 California Street
   San Francisco, California 94104
5  Telephone:  415.956.2828
   Facsimile:  415.956.6457
6
   Attorneys for Defendants
7  NEWPORT SENSORS, INC. and
   MARIA Q. FENG
8
9              UNITED STATES DISTRICT COURT
10      CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION
11

| | |
|---|---|
| United States ex rel. Juan Hong, A Law Corp. ,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Newport Sensors, Inc., and Maria Q. Feng,<br><br>                    Defendants. | Case No. 13-cv-01164-JLS-JPR<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE SECOND AMENDED COMPLAINT**<br><br>Date:          May 20, 2016<br>Time:          2:30 p.m.<br>Judge:        Hon. Josephine L. Staton<br>Courtroom:   10A |

# TABLE OF CONTENTS

Page(s)

I.     INTRODUCTION .................................................................................. 1

II.    THE ENTIRE SAC SHOULD BE DISMISSED WITH PREJUDICE ................................................................................... 2

    A.    The Entire SAC Is Barred under 31 U.S.C. § 3730(e)(4)(A) Because It Is Based on Publicly Disclosed Transactions ............................................................. 2

    B.    The Entire SAC Fails to Plead Fraud with Particularity under FRCP 9(b) .................................................................. 5

    C.    Relator's FCA Claims under the Alleged NIST Agreements Fail to State a Claim under FRCP 12(b)(6) Because the SAC Fails to Allege that Defendants' Claims or Statements Were False ..................................... 7

    D.    The Court May Disregard Relator's Irrelevant Citations to Criminal Fraud Cases ....................................... 8

III.   THE COURT SHOULD STRIKE REDUNDANT, IMMATERIAL, IMPERTINENT, AND SCANDALOUS ALLEGATIONS IN THE SAC ................................................ 10

IV.  THE COURT SHOULD REJECT RELATOR'S ALLEGED TECHNICAL ERRORS IN THIS MOTION ............................... 11

V.    CONCLUSION .......................................................................... 12

Reply Memo iso Defendants' Motion to Dismiss and Motion to Strike Second Amended Complaint
Case No. HG14747979

376412.4

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amphastar Pharm. Inc. v. Aventis Pharma SA*,
  No. EDCV-09-0023 MJG, 2012 WL 5512466 (C.D. Cal. Nov. 14, 2012) ........................3

*Ebeid ex rel. U.S. v. Lungwitz*,
  616 F.3d 993 (9th Cir. 2010) .......................................................................................6, 7

*U.S. ex rel. Gilligan v. Medtronic, Inc.*,
  403 F.3d 386 (6th Cir. 2005) .............................................................................................4

*Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*,
  559 U.S. 280 (2010) ..........................................................................................................2

*Hooper v. Lockheed artin Corp.*,
  688 F.3d 1037 (9th Cir. 2012) .........................................................................................10

*Jones v. Blanas*,
  393 F.3d 918 (9th Cir. 2004) ...........................................................................................12

*U.S. ex rel. Mateski v. Raytheon Co.*,
  816 F.3d 565 (9th Cir. 2016) ....................................................................................2, 3, 5

*Nissho-Iwai American Corporation,v, Kline*,
  845 F.2d 1300 (1st Cir. 2009) ....................................................................................11, 12

*U.S. ex rel. Ondis v. City of Woonsocket*,
  587 F.3d 49 (1st Cir. 2009) ...............................................................................................4

*Schindler Elevator Corp. v. U.S. ex rel. Kirk*,
  563 U.S. 401, 131 S. Ct. 1885, 179 L. Ed. 2d 825 (2011) ..................................................4

*Shapiro v. UJB Fin. Corp.*,
  964 F.2d 272 (3d Cir. 1992) ..............................................................................................6

*U.S. ex rel. Springfield Terminal Ry. Co. v. Quinn*,
  14 F.3d 645 (D.C. Cir. 1994) .............................................................................................3

*Summit Tech., Inc. v. High-Line Med. Instruments Co.*,
  922 F. Supp. 299 (C.D. Cal. 1996) ....................................................................................8

*United States v. Catholic Healthcare W.*,
  445 F.3d 1147 (9th Cir. 2006) ...........................................................................................4

1

**Federal Statutes**

2

3

31 U.S.C.
    § 3730(e)(4)(A) ...................................................................................................2

4

5

31 U.S.C.
    § 3730(b)(2) ...................................................................................................9

6

**Other State Statutes**

7

False Claims Act ...................................................................................................1

8

**Other Authorities**

9

Fed. R. Civ. P. 9(b) ........................................................................... 1, 5, 6, 7

10

Fed. R. Civ. P. 12(b)(6) ...................................................................1, 7

11

Fed. R. Civ. P. 12(f)...................................................................................10

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply Memo iso Defendants' Motion to Dismiss and Motion to Strike Second Amended Complaint
Case No. HG14747979

376412.4

## I.      INTRODUCTION

To plead a violation of the civil False Claims Act (FCA), a relator may not base its claims upon publicly disclosed information and must plead with particularity all of the prima facie elements of liability under the statute, including falsity.  Here, after two previous attempts, Relator's Second Amended Complaint (SAC) still fails to meet these requirements.

First, the Court should dismiss the entire SAC with prejudice based on the FCA's "public disclosure bar."  The SAC and facts subject to judicial notice show that the transactions Relator alleges to violate the FCA – Defendants' representations that Dr. Feng was eligible to serve as Newport's Principal Investigator when she was a full-time professor at University of California, Irvine ("UC Irvine") – were publicly disclosed.  The FCA states that, under these circumstances, a *qui tam* complaint must be dismissed.

Second, for none of Newport's alleged contracts has Relator alleged *particular details* about who submitted what claims or statements and when or how or to whom they did so.  Since Rule 9(b) requires pleading the alleged FCA violations with particularity, and Relator has proven unable to do so, the entire SAC should be dismissed with prejudice.

Third, for the FCA violations Relator alleges under Newport's alleged contracts with the National Institute of Standards and Technology (NIST), Relator has not alleged falsity because the SAC does not allege that Defendants falsely claimed or stated their compliance with a single *specific contract requirement*. This provides an additional basis under Rule 12(b)(6) for the Court to dismiss those claims with prejudice.

Finally, the Court should strike immaterial, impertinent, redundant and prejudicial allegations identified in this motion.

//

## II.    THE ENTIRE SAC SHOULD BE DISMISSED WITH PREJUDICE

### A.    The Entire SAC Is Barred under 31 U.S.C. § 3730(e)(4)(A) Because It Is Based on Publicly Disclosed Transactions

The SAC should be dismissed in its entirety because Relator's claims are based on publicly available information, which bars Relator from proceeding. *See Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 559 U.S. 280, 283 (2010); 31 U.S.C. § 3730(e)(4)(A).  "The public disclosure bar is intended to encourage suits by whistle-blowers with genuinely valuable information, while discouraging litigation by plaintiffs who have no significant information of their own to contribute."  *U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 570 (9th Cir. 2016).

As an initial matter, Relator's discussion regarding the applicability of pre- and post-Patient Protection Affordable Case Act (PPACA) versions of 31 U.S.C. § 3730(e)(4)(A) is unavailing.  The public disclosure bar under either standard bars Relator's claims, and Relator has not pointed to any relevant difference between the two versions of the statute.  Indeed, the relevant public disclosure bar has consistently barred claims that have been publicly disclosed, whether the claims are "based upon" the public disclosure or the allegations are "substantially the same":

- Pre-PPACA: "(A) No court shall have jurisdiction over an action under this section *based upon* the public disclosure of allegations or transactions … from the news media unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." (emphasis added)

- Post-PPACA: "(A) The court shall dismiss an action or claim under this section, unless opposed by the Government, if *substantially the same* allegations or transactions as alleged in

Page 2

the action or claim were publicly disclosed: … (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." (emphasis added)

Relator is generally accurate in describing how other circuit courts treat the public disclosure bar.  The Ninth Circuit applies the "X+Y=Z" formula applied in *U.S. ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 654 (D.C. Cir. 1994), wherein X stands for the misrepresented state of facts and Y stands for the true set of facts, which reveal Z, the allegation that fraud has been committed.  *See Mateski*, 816 F.3d at 571 (*citing U.S. ex rel. Found. Aiding The Elderly v. Horizon W.*, 265 F.3d 1011, 1015 (9th Cir.), *opinion amended on denial of reh'g sub nom. U.S. ex rel. Found. Aiding Elderly v. Horizon W., Inc.*, 275 F.3d 1189 (9th Cir. 2001)).

Here, Relator's allegations boil down to a very simple X and Y.  The alleged misrepresented state of facts, X, is that Dr. Feng was qualified to be the Principal Investigator for the Agreements.  The alleged true state of facts, Y, is that Dr. Feng was not qualified to be the Principal Investigator for the Agreements because she was a full-time professor at UC Irvine and Columbia.

The Ninth Circuit stated in *Mateski* the standard "for a relator's allegations to be 'based upon' a prior public disclosure": "the publicly disclosed facts need not be identical with, but only substantially similar to, the relator's allegations."  *Mateski*, 816 F.3d at 573 (*quoting United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1199 (9th Cir.2009).  *Id*. at 578.  As long as the publicly disclosed facts "raise a reasonable inference of fraud," the public disclosure bar applies.  *Amphastar Pharm. Inc. v. Aventis Pharma SA*, No. EDCV-09-0023 MJG, 2012 WL 5512466, at *7 (C.D. Cal. Nov. 14, 2012) ("It is true that the public disclosure did not state that the government was paying brand-name prices for a non-patented drug, or that false claims were submitted to the

1  government.  However, fraud need not be explicitly alleged to constitute public

2  disclosure adequate to raise the jurisdictional bar.").  Here, the publicly disclosed

3  information attached to the Motion to Dismiss demonstrates that Dr. Feng was a

4  professor at UC Irvine and Columbia, the one allegedly "misrepresented" state of

5  facts, and provides the publicly available details of the Agreements that Relator

6  included in the SAC, including that each agreement listed Dr. Feng as Principal

7  Investigator.

8       Contrary to the Opposition (at 21), it is irrelevant that these facts were

9  not contained in a single document.  Publicly disclosed information is considered as

10  a whole, as all of the information is available to the public, regardless of whether it

11  comes from different sources.  *See, United States v. Catholic Healthcare W.*, 445

12  F.3d 1147, 1155, n.1 (9th Cir. 2006) ("the elements of the fraud allegation need not

13  have been made public in a single document") *abrogated on other grounds by*

14  *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 131 S. Ct. 1885, 179 L.

15  Ed. 2d 825 (2011); *see also, e.g., U.S. ex rel. Ondis v. City of Woonsocket*, 587 F.3d

16  49, 54 (1st Cir. 2009) ("The two states of facts may come from different sources, as

17  long as the disclosures together lead to a plausible inference of fraud."); *U.S. ex rel.*

18  *Gilligan v. Medtronic, Inc.*, 403 F.3d 386, 390 (6th Cir. 2005) ("public disclosures

19  contained in different sources, which together provide information that leads to a

20  conclusion of fraud, trigger the public disclosure bar.").

21       Relator argues that three allegedly undisclosed facts show that the

22  FCA violations alleged were not publicly disclosed: (i) Dr. Feng was a full-time

23  professor at UC Irvine, (ii) the address for Newport was Dr. Feng's residential

24  address, and (iii) the "Maria Feng" identified as a professor is the same "Maria

25  Feng" identified in the Agreements and working for Newport.  Opp. at 21.  Relator

26  is wrong on all three counts.  First, Dr. Feng's status as a professor was publicly

27  available.  RFJN, Exhs. 4, 5; *see also* Deitz Reply Decl., Exh. A (described below).

28  This was enough to put the Government "on notice to investigate the fraud."

1   *Mateski*, 816 F.3d at 574.  The SAC does not provide "specific examples or the
2   level of detail" required by *Mateski* to overcome the public disclosure bar.  *Id.* at
3   578.  Second, Dr. Feng's address is irrelevant to application of the public disclosure
4   bar, as it is not necessary to infer the alleged fraudulent transaction.  Finally,
5   Relator has not pointed to any suggestion in support of this new argument that there
6   are multiple Dr. Maria Fengs that could confuse the Government or public, and
7   Exhibit 3 (at 21) identifies Dr. Feng specifically as Dr. Maria Q. Feng.  Moreover,
8   the fact that the Dr. Feng employed by UC Irvine was the same Dr. Feng associated
9   with Newport was also publicly disclosed in an SEC filing for Drayton Richdale
10  Corporation, which provides the link that Relator's Opposition (at 21-22) argues
11  was non-public when he filed this action.  Deitz Reply Decl., Exh. A.

12          Relator is precisely the "opportunistic plaintiff who has no significant
13  information to contribute" at which the public disclosure bar is aimed.  *Mateski*,
14  816 F.3d at 578 (*quoting Graham Cty. Soil & Water Conservation Dist.*, 559 U.S.
15  at 294 (2010)).  Relator's inability to meet the standard for Rule 9(b) (discussed
16  below) goes hand-in-hand with his inability to overcome the public disclosure bar.
17  Although Relator worked years ago at the same School of Engineering at UC Irvine
18  as did Dr. Feng, he never worked for or with Newport, had no involvement with
19  any of Newport's contracts with the Federal Government, and has no important
20  information of his own to provide.  As such, his claims should be barred, and the
21  entire SAC should be dismissed with prejudice.

22          **B.    The Entire SAC Fails to Plead Fraud with Particularity under
23                 FRCP 9(b)**

24          The Court dismissed the FAC for failing "to satisfy the heightened
25  pleading standard of Rule 9(b)."  Docket No.46 at 9-10.  The Court specifically
26  pointed to the FAC's failure to "to adequately identify 'the who, what, when,
27  where, and how' of the alleged nondisclosure" and failed "to identify which
28  submissions, proposals, or reports, if any, are actually at issue in this action."  *Id*.

(*citing Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).  Relator has not cured this defect in the SAC, and, thus, the SAC should be similarly dismissed on this ground.

In its Opposition (at 14), Relator urges the Court to relax the standards of Rule 9(b), citing *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 285 (3d Cir. 1992), as amended (May 27, 1992), but that case does not speak to the situation here.  In *Shapiro*, a securities fraud case, the Third Circuit reversed the district court's dismissal to "allow plaintiffs another opportunity to meet this standard"; it did not relax the pleading standard for the basic "who, what, when, where, and how," and it reversed the dismissal only as to specific internal financial standards and practices of the defendants.  *Id*. at 284-85.  More importantly, in *Ebeid*, a decision that is binding on this Court, the Ninth Circuit rejected relaxing the pleading standards of Rule 9(b) in FCA cases.  *Ebeid*, like Relator here, argued that the standards should be relaxed because "the alleged fraud was of an extended duration and 'the billing information is solely in [Defendant's] possession.'"  616 F.3d at 999.  The Ninth Circuit noted that the pleading standard for Rule 9(b) had been relaxed in securities cases but refused to apply that "limited principle" to the FCA:

> To jettison the particularity requirement simply because it would facilitate a claim by an outsider is hardly grounds for overriding the general rule, especially because the FCA is geared primarily to encourage insiders to disclose information necessary to prevent fraud on the government.

*Id*.

In its Opposition, Relator pastes in the allegations it added to the SAC, yet these allegations only serve to demonstrate the SAC's failure to meet the 9(b) standard.  The SAC points generally to "grant proposal and reports," but fails to identify specific proposals, specific reports, or any other specific submission.  SAC ¶ 3.  The SAC fails to identify who submitted these proposals and reports, to whom they were submitted, the dates of these proposals and reports, where they were

submitted, or how they were submitted.  While Relator has attempted to identify some of the details of Newport's alleged Agreements with the Government, he has failed to provide any details of the submissions that allegedly contained false claims or statements, or of the false claims or statements themselves.  The allegations in the SAC are an attempt to force Defendants to search through every document submitted under these Agreements – by anyone, to anyone, at any time, to any location, by any means – in order to find any that may fit Relator's allegations.  As in *Ebeid*, while Relator may have "articulated the framework" of a claim under the FCA, "he fails to plead it with the particularity required of Rule 9(b)."  *Ebeid ex rel. U.S.*, 616 F.3d at 1001.  Since Relator has not cured this defect in the required particularity in the SAC, the entire SAC should be dismissed with prejudice.

### C.  Relator's FCA Claims under the Alleged NIST Agreements Fail to State a Claim under FRCP 12(b)(6) Because the SAC Fails to Allege that Defendants' Claims or Statements Were False

Relator's continued failure in the SAC to allege any specific requirement under the alleged NIST Agreements that Defendants violated provides the Court with yet another basis to dismiss those claims with prejudice.  Relator failed to identify in the FAC any primary employment requirement for Principal Investigators under NIST contracts and so failed to allege any affirmative duty by Defendants under those contracts to disclose Dr. Feng's employment at UC Irvine.  Relator does not even attempt to correct this deficiency in the SAC.  This Court dismissed Relator's FCA allegations regarding the NIST Agreements on this basis and should similarly dismiss the allegations in the SAC.

Rather than attempt to allege that the NIST contracts require primary employment for Principal Investigators, Relator has instead added allegations to the SAC regarding other supposed FCA violations under the NIST Agreements, but none of those allegations identify any specific requirement under those contracts which Defendants are alleged to have violated.  Relator's legal conclusions that

Defendants were ineligible are insufficient to close the gaps in the SAC. The Court "need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Tech., Inc. v. High-Line Med. Instruments Co.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996)).

Specifically, Relator concludes that Dr. Feng's employment with UC Irvine somehow (1) meant that Defendants' "must have" formed a "contract back" between Newport and UC Irvine (SAC ¶¶ 30, 34, 35), (2) precluded Newport from applying for contracts as a single company (SAC ¶ 30), (3) precluded Dr. Feng from serving as an "authorized company representative" or as key personnel of Newport (SAC ¶¶ 31, 40), or (4) constituted a conflict of interest or improper use of the contracts for personal gain (SAC ¶¶ 39, 41). But for every one of these allegations Relator fails in the SAC or in its Opposition to identify a requirement *under the NIST Agreements* that supports these allegations or that Defendants allegedly violated. Relator cannot in its Opposition simply paste in the allegations from the SAC and assert that they are sufficient.

As Relator has once again failed to allege in the SAC that any claims or statements by Defendants were false, because the SAC still fails to allege any specific requirements under the NIST Agreements that Defendants violated, the Court should dismiss with prejudice Relator's FCA claims as to those contracts.

**D.    The Court May Disregard Relator's Irrelevant Citations to Criminal Fraud Cases**

On this motion to dismiss, the Court need only answer one question: Has *this relator* adequately pled any claims against *these defendants* under the civil FCA? This depends on the SAC itself and, with regard to the public disclosure bar, matters subject to judicial notice. This motion has nothing to do with whether the Government was able to indict, enter deferred prosecution agreements with, or prove criminal liability against different defendants based on different claims on

different facts in different cases.  Nevertheless, almost four pages in Relator's introduction (Opp. at 2-5) describe four fraud cases which the Government decided to prosecute criminally and none of which evaluated the sufficiently of a civil complaint on a motion to dismiss.[1]

The allegations in the SAC are a far cry from those in the criminal cases Relator cites.  First, it is the practice of the U.S. Department of Justice (DoJ) upon receipt of a *qui tam* complaint under the civil FCA (like this one) to refer that complaint to the Criminal Division to determine if there is a basis to pursue any criminal charges; here, unlike the cases Relator cites, Criminal DoJ apparently found no such basis.  Second, before Relator filed its *qui tam* complaint, it presumably disclosed all information and evidence it possessed to civil DoJ, as required by 31 U.S.C. § 3730(b)(2); presented with this written disclosure, Civil DoJ declined to intervene in this case.  Finally, the Court in this case has ruled that, after Relator's first two opportunities to plead any violations against Newport Sensors and Dr. Feng, it had been unable to do so.

In sum, the allegations and the evidence in the cases Relator cites were different than those here.  In the cited cases, the Government had sufficient evidence of specific intent to defraud to indict or even convict the defendants of criminal fraud.  Here, Relator had insufficient facts to get the DoJ to pursue any claims against the defendants, and it has insufficient detail to even allege civil false claims against the Defendants in its *qui tam* complaint.  For these reasons, none of the cases Relator cites in any way validate the merits of its lawsuit or in any way show that the SAC should not be dismissed.

---

[1] The first document cited by Relator, a purported press release for *USA v. SciberQuest, Inc.*, is not a published case, and is not submitted via a Request for Judicial Notice.  Thus, that document is neither relevant not admissible for consideration here.

### III.   THE COURT SHOULD STRIKE REDUNDANT, IMMATERIAL, IMPERTINENT, AND SCANDALOUS ALLEGATIONS IN THE SAC

The Court should strike the "redundant, immaterial, impertinent, [and] scandalous matter" in the SAC.  Fed. R. Civ. P. 12(f).  In citing *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1047 (9th Cir. 2012), for the standard for relevance in the Opposition, Relator demonstrates exactly why the Court should strike allegations regarding (1) Dr. Feng's relationship with UC Irvine and (2) Dr. Feng's husband, Dr. Masanobu Shinozuka, and sister, Hong Feng, from the SAC. As Relator quotes, the FCA is only implicated by "a false or fraudulent claim" presented to the Government. *Id*.  Relator's allegations regarding UC Irvine regulations and Dr. Feng's husband and sister are entirely irrelevant and prejudicial, as they do not speak to "a false statement or claim" presented to the Government, but merely cast aspersions on Dr. Feng's relationship with UC Irvine and on her family.

The SAC alleges that Dr. Feng violated the UC Irvine policy on Conflict of Commitment and Outside Activities of Faculty Members (APM Policy 025) and that Dr. Shinozuka (Dr. Feng's husband) should have disciplined her. SAC ¶¶ 47-56.  The SAC does not allege that these actions violated the FCA, nor can Relator make that allegation.  Relator's argument that these details go to Dr. Feng's knowledge that her statements were false is unavailing, as her alleged false statements were allegedly made in submissions to the federal agencies involved in the Agreements, not to UC Irvine.  The various UC Irvine regulations cited by Relator simply do not speak to the "false or fraudulent claims" alleged.  Moreover, the SAC does not name Dr. Feng's husband or sister as defendants, but seeks to tar both by association and unsupported allegations that they were involved in the alleged false statements and alleged scheme involving UC Irvine.

These allegations are exactly the type of "redundant, immaterial, impertinent, [and] scandalous matter" that Rule 12(f) allows courts to strike.  This

Court should therefore strike paragraphs 8, 11, 34-35, and 54-56 from the SAC.

## IV.   THE COURT SHOULD REJECT RELATOR'S ALLEGED TECHNICAL ERRORS IN THIS MOTION

Relator makes various allegations regarding supposed technical deficiencies of this motion.  These arguments are unavailing.

- Exhibit 4 is the UC Irvine Faculty Profile System entry for Maria Q. Feng.  Relator alleges that the statement that "Information displayed here may be inaccurate and/or out-of-date" makes the information contained within subject to reasonable dispute.  Defendants attached Exhibit 4, and the remaining exhibits, simply to show that the information contained within is publicly available, not that the information contained within is true.  For purposes of the public disclosure bar, the only relevant question is whether the information is available, not whether the information is confirmed.

- Defendants' Declaration is indeed mislabeled in the Notice of Motion, but the Notice of Motion is attached to the Motion to Dismiss, which contains references to the correct Declaration, and the correct Declaration is filed with the Motion to Dismiss.  Relator has received, reviewed, and responded to the correctly labeled Declaration, so even if this typo was meaningful, Relator has suffered no prejudice.

- The Declaration of Joshua M. Deitz is properly sworn and certified. Relator cites to a case from the Fifth Circuit in an attempt to create a technical definition for required language for declarations, despite the numerous contradictions within the first sentence of that citation, which states "It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment." *Nissho-Iwai American Corporation v. Kline*, 845 F.2d 1300, 1306-1307 (5th Cir. 1988).  First, the declaration contains both the

verification under penalty of perjury and the statement that each exhibit is "a true and correct copy." Second, these proceedings are not in the Fifth Circuit, and Relator has failed to cite to a Ninth Circuit equivalent of this dubious rule. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004), does not create any such rule, and concerns verified motions and pleadings regarding summary judgment. Third, as in *Jones* and *Nissho-Iwai American Corporation*, this is not a summary judgment motion, and the declaration is not offered to create facts for consideration on summary judgment, merely to admit publicly available documents capable of independent verification.

## V.    CONCLUSION

Relator has taken its best shot, three times now, and has shown that it has no non-public material information to contribute, cannot plead any FCA violations with particularity, and cannot even allege falsity for some of his FCA claims. For all these reasons, the entirety of this case should be dismissed with prejudice.

Dated:  May 6, 2016                    ROGERS JOSEPH O'DONNELL


By: s/ Aaron P. Silberman
                                        AARON P. SILBERMAN
                                        ROGERS JOSEPH O'DONNELL
                                        asilberman@rjo.com
                                        311 California Street
                                        San Francisco, California 94104
                                        Telephone:  415.956.2828
                                        Facsimile:  415.956.6457

                                        Attorneys for Defendants
                                        NEWPORT SENSORS, INC., AND
                                        MARIA Q. FENG