UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                    Date: May 19, 2016

Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

 Terry Guerrero                                          N/A
   Deputy Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
   Not Present                                            Not Present

**PROCEEDINGS:    (IN CHAMBERS) ORDER GRANTING DEFENDANTS'
                   MOTION TO DISMISS THE SECOND AMENDED
                   COMPLAINT AND DENYING AS MOOT DEFENDANTS'
                   MOTION TO STRIKE (Doc. 52)**

Before the Court is a Motion to Dismiss and Motion to Strike the Second
Amended Complaint filed by Defendants Maria Q. Feng and Newport Sensors, Inc.
(Mot., Doc. 52.)  Juan Hong, a Law Corporation, opposed as the relator in this action, and
Defendants replied.  (Opp., Doc. 59; Reply, Doc. 61.)  The Court finds this matter
appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.
Accordingly, the hearing set for May 20, 2016, at 2:30 p.m., is VACATED.  For the
reasons stated below, the Court GRANTS Defendants' Motion to Dismiss and DENIES
AS MOOT Defendants' Motion to Strike.

## I.   BACKGROUND

The Second Amended Complaint alleges the following facts:
Relator Juan Hong, a Law Corporation filed this *qui tam* action on its own behalf
and on behalf of the United States under the civil False Claims Act.  (SAC ¶ 1, Doc. 50.)
Defendant Newport Sensors, Inc. is a privately held, for-profit corporation.  (*Id*. ¶ 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                     Date: May 19, 2016

Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

Defendant Maria Q. Feng is the founder and chief executive officer of Newport, and she is the principal investigator in all the projects relevant to this case.  (*Id*. ¶ 10.)  Feng was a full-time tenured professor in the Department of Civil and Environmental Engineering at the University of California, Irvine.  (*Id*. ¶¶ 8, 11.)  In 2012, Feng became a professor of Civil Engineering and Engineering Mechanics at Columbia University.  (*Id*. ¶ 12.)

At issue are allegedly false statements made by Newport and Feng "in connection with their submission of proposals and reports" that resulted in the following grants:

1) A 2009 grant to Newport Sensors from the Department of Defense, for $2,380,712, Contract No. W911QY-09-C-0035.  The project performance period is from January 19, 2009 to October 31, 2013, and the project involves "Smart Armor Insert, Crack Detection, Sensor Tape, Sensor Key, Real-Time, In-Situ, Low-Cost, Inspection[.]"

2) A 2009 grant to Newport Sensors from the National Institute of Standards and Technology for $2,498,000.  The project performance period is from February 1, 2009 to January 31, 2012, and the project involves research and development of a "Microwave Thermoelectric Imager for Corrosion Detection and Monitoring In Reinforced Concrete[.]"

3) A 2007 grant to Newport Sensors from the Department of Transportation for $100,000.  This project involves research and development of "Microwave Thermoreflectometry for Corrosion Detection in Concrete[.]"

4) A 2007 Phase I grant to Newport Sensors from the Department of Defense for $69,996.  This project involves "Smart Small Arm Protective Inserts."

5) A 2009 Phase II grant to Newport Sensors from the Department of Defense for $361,692.  This project involves "Smart Small Arm Protective Inserts."

6) A 2003 grant to Newport Sensors regarding microwave imaging technology for $2,300,126.  The project performance period is from October 1, 2003 to September 30, 2006, and the project involves "Microwave Imaging Technology for Condition Assessment of FRP Composites."

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                    Date: May 19, 2016
Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

(*Id.* ¶¶ 3, 4.)  Proposals were sent to the Department of Defense and the Department of
Transportation through the Small Business Innovation Research program.  (*Id.* ¶ 3.)
Proposals were sent to the National Institute of Science and Technology through the
Technology Innovation Program.  (*Id.*)

The goal of the Small Business Innovation Research program is to provide
increased opportunities for small businesses to participate in research and development.
(*Id.* ¶ 15.)  Through this program, government agencies distribute funds to small
businesses by (1) determining suitable projects and research topics within the SBIR
program, (2) issuing small business innovation research solicitations, (3) receiving and
evaluating proposals, and (4) awarding federal funds to qualified participants.  (*Id.* ¶ 17.)
SBIR funds are competitively awarded to small businesses based on scientific and
technical merit as well as potential commercialization.  (*Id.* ¶ 20.)  The program is
comprised of "three distinct contract phases."  (*Id.* ¶ 21.)  Phase I contracts determine the
feasibility of new technology and are awarded in amounts up to $100,000.  (*Id.*)  Phase II
contracts are awarded only to successful Phase I participants and are for continuing
commercial applications of new technology and products.  (*Id.* ¶ 22.)  Phase III contracts
provide private sector or non-SBIR federal agency funding for the patenting, marketing,
licensing, manufacturing, or commercializing of Phase II projects.  (*Id.* ¶ 23.)  For both
Phase I and Phase II SBIR contracts, the primary employment of the principal
investigator must be with the small business firm at the time of the award and during the
conduct of the proposed effort.  (*Id.* ¶ 43.)  Primary employment means that more than
one-half of the principal investigator's time is spent with the small business, and it
precludes full-time employment at another organization.  (*Id.*)

The NIST's Technology Innovation Program solicits high-risk, high-reward
research and development proposals for financial assistance.  (*Id.* ¶ 28.)  Single
companies and joint ventures may apply for TIP funding.  (*Id.* ¶ 29.)  NIST reserves the
right to reject a proposal should information raise a reasonable doubt as to the
responsibility of the proposer.  (*Id.* ¶ 32.)  Moreover, a university employee cannot
establish a company and contract back to his or her university.  (*Id.* ¶ 34.)  Doing so
would present a conflict of interest.  (*Id.*)  Huang alleges that even if Feng did not

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                              Date: May 19, 2016

Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

contract back to UC Irvine, her participation in the project is an "indirect 'contract back'" because of her full-time employment with the university.  (*Id*. ¶ 35.)

Newport, at the direction of Feng, allegedly entered into SBIR and TIP agreements with DOD, DOT, and NIST by falsely certifying that Feng was a principal investigator. (*Id*. ¶ 42.)  The relator alleges that given Feng's full-time employment with UC Irvine, she could not have been primarily employed by Newport when it applied for the SBIR grants.  (*Id*. ¶ 44.)  The relator also alleges that Feng's commitment as a principal investigator at more than 0% to the two NIST grant projects constituted "false certification" due to her full-time employment with the University.  (*Id*. ¶ 31.)  The relator asserts that the DOD, DOT, and NIST "would not have paid the submitted claims had it known of Newport's non-compliance with the regulation on Feng's primary employment."  (*Id*. ¶ 44.)  Finally, the relator asserts that Feng violated the University of California's policy on Conflict of Commitment and Outside Activities of Faculty Members.  (*See id*. ¶¶ 47-56.)

On August 2, 2013, the relator filed a *qui tam* action against Newport and Feng pursuant to the False Claims Act.  (Compl., Doc. 1.)  On July 10, 2015, the Government declined to intervene in this *qui tam* action.  (Gov't Mem. at 1, Doc. 27.)  On September 29, 2015, the relator filed a First Amended Complaint.  (FAC, Doc. 30.)  In the FAC, the relator asserted the following claims: (1) presentation of false claims under the False Claims Act, 31 U.S.C. § 3729(a)(1)(A), and (2) making or using false records or statements under the False Claims Act, 31 U.S.C. § 3729(a)(1)(B).  (*Id*. ¶¶ 43-48.)  On February 11, 2016, this Court granted Defendants' Motion to Dismiss the First Amended Complaint and dismissed all the relator's claims with leave to amend.  (Doc. 46.)  The Court found that the FAC (1) failed to allege falsity under the FCA as to the NIST contracts and (2) failed to plead with particularity under Federal Rule of Civil Procedure 9(b).  (*Id*. at 6-10.)

On March 2, 2016, the relator timely filed a Second Amended Complaint.  (SAC.) Defendants now move to dismiss the SAC and to strike certain allegations.  In addition to similar arguments made in their prior Motion to Dismiss, Defendants now assert that the relator's claims are impermissibly based on matters that have been publicly disclosed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                    Date: May 19, 2016
Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

## II.  LEGAL STANDARD

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-985 (9th Cir. 2008).  In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  "The party asserting [] subject matter jurisdiction bears the burden of proving its existence." *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  "The plaintiff 'bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.'"  *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 569 (9th Cir. 2016) (quoting *United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1017 (9th Cir. 1999)).

## III.  REQUEST FOR JUDICIAL NOTICE

Defendants request that we take judicial notice of the following seven exhibits: an SBIR award listing database, an NIST projects brief index, a NIST awards listing, copies of Feng's faculty profile on UC Irvine and Columbia University's websites, a Freedom of Information Act response to the relator by the U.S. Department of Commerce (NIST), and a 2011 Form 8-K Report submitted to the Securities and Exchange Commission by Drayton Richdale Corporation.  (*See* RJN, Doc. 53; Reply RJN, Doc. 63.)

Under Federal Rule of Evidence 201, a fact is appropriate for judicial notice if it is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                              Date: May 19, 2016

Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  Defendants emphasize that they request judicial notice of these exhibits "not for the truth of the information stated," but "merely to show that [the] information was publicly available."  (RJN at 4.)  We find that the above exhibits are appropriate for judicial notice for this limited purpose.  *See Freeney v. Bank of Am. Corp*., No. CV 15-02376 MMM (PJWx), 2015 WL 4366439, at *13 (C.D. Cal. July 16, 2015) ("Courts routinely take judicial notice of documents available on government websites." (citation omitted)); *Reese v. Malone*, 747 F.3d 557, 570 n.8 (9th Cir. 2014) (taking judicial notice of a university website); *In re Am. Apparel, Inc. Shareholder Litig*., 855 F. Supp. 2d 1043, 1064 (C.D. Cal. 2012) (taking judicial notice of documents obtained by submitting a FOIA request, as these are matters of public record).

        The relator opposes this request for judicial notice because (1) the Deitz Declaration to which the exhibits are attached never declared his statement to be true and correct, (2) Defendants fail to identify when the UC Irvine faculty profile was viewed or downloaded, and (3) the same profile includes a disclaimer that it is "inactive" and the "[i]nformation displayed . . . may be inaccurate and/or out-of-date," which indicates that the provided content is subject to reasonable dispute.  (Opp. at 5-6, 7.)  We find these arguments unavailing.  First, we observe that the declaration is properly sworn and certified; it contains a verification under penalty of perjury and indicates that each attached exhibit is "a true and correct copy."  (*See* Deitz Decl., Doc. 54; Supp'l Deitz Decl., Doc. 62.)  Second, we note that the UC Irvine disclaimer is immaterial, as Defendants request judicial notice "simply to show that the information contained within is publicly available."  (Reply at 11.)  Thus, the alleged truth of the information is *not* at issue in this action, and the existence of this information in the public domain is not subject to reasonable dispute.  Finally, we find that any dispute over the date when the UC Irvine profile was viewed or downloaded is immaterial.  The relator does not dispute the authenticity of the other six exhibits provided by Defendants, and substantively similar information as to Feng's employment with UC Irvine was publicly available online in the provided Columbia University faculty profile, (Deitz Decl. Ex. 5, Doc. 54),

CIVIL MINUTES – GENERAL                              6

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                    Date: May 19, 2016

Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

as well as the 2011 SEC 8-K report, (Supp'l Deitz Decl. Ex. A, Doc. 62).  The Internet Archive's Wayback Machine shows that the Columbia University profile was publicly available as early as December 2012.  A court "may take judicial notice on its own," Fed. R. Evid. 201(c)(1), and district courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant to this rule, as we do here.  *See Erickson v. Nebraska Machinery Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (collecting cases); *Under A Foot Plant, Co. v. Exterior Design, Inc.*, No. 6:14-cv-01371-AA, 2015 WL 1401697, at *2 (D. Or. Mar. 24, 2015) (collecting cases); *Wallack v. Idexx Laboratories, Inc.*, No. 11-cv-2996-GPC (KSC), 2015 WL 5943844, at *16 (S.D. Cal. Oct. 13, 2015).

## IV.  <u>DISCUSSION</u>

Defendants argue that dismissal of the relator's claims is proper for three reasons.  First, as to the NIST contracts, Defendants assert that the SAC fails to allege falsity under the FCA.  (Mem. at 11-13, Doc. 52.)  Second, as to all the relator's FCA claims, Defendants assert that the SAC fails to plead with particularity under Rule 9(b).  (*Id*. at 13-16.)  Third, Defendants argue that the FCA's public disclosure bar warrants dismissal of the entire action.  (*Id*. at 16-21.)  Finally, Defendants move to strike certain allegations from the SAC.  (Id. at 21-25.)  Because we find the third issue dispositive, we first address whether the FCA's public disclosure bar applies in this action.

### A.    <u>The FCA's Public Disclosure Bar</u>

The False Claims Act "allows private individuals, referred to as 'relators,' to bring suit on the Government's behalf against entities that have violated the Act's prohibitions."  *Raytheon Co*., 816 F.3d at 569 (citing 31 U.S.C. § 3730(b)(1); *United*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                          Date: May 19, 2016

Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

*States ex rel. Hartpence v. Kinetic Concepts*, 792 F.3d 1121, 1123 (9th Cir. 2015) (en banc)).  However, under the FCA's public disclosure bar:[1]

> No court shall have jurisdiction[2] over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A) (1986).  "The public disclosure bar is intended to encourage suits by whistle-blowers with genuinely valuable information, while discouraging litigation by plaintiffs who have no significant information of their own to contribute." *Raytheon Co.*, 816 F.3d at 570 (citing G*raham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 294-95 (2010)).  "The public disclosure bar is triggered if three things are true: (1) the disclosure at issue occurred through one of the

---

[1] "In 2010, the Affordable Care Act replaced the 1986 version of 31 U.S.C. § 3730(e)(4)(A) with new language, changing 'based upon' to 'substantially the same.'" *Raytheon Co.*, 816 F.3d at 569 n.7 (citing 31 U.S.C. § 3730(e)(4)(A) (2010)).  This 2010 amendment "makes no mention of retroactivity." *Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 283 n.1 (2010).  Given that the allegedly false claims were part of Defendants' grant proposal submissions that were all made before 2010, (*see* SAC ¶ 4), the prior version of the statute governs here.  *Raytheon Co.*, 816 F.3d at 569 n. 7.  However, the Ninth Circuit has acknowledged that the "analysis of the issue of substantial similarity would be the same under either provision." *Id*.

[2] The relator argues that the Notice of Motion does not identify the public disclosure issue in violation of Federal Rule of Civil Procedure 7(b)(1). (Opp. at 6.)  The relator also argues that Defendants failed to properly invoke Federal Rule of Civil Procedure 12(b)(1) in their Motion, given that the pre-2010 public disclosure bar raises a question of jurisdiction. (Opp. at 8.)  The Court finds that neither argument warrants denial of the Motion.

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                    Date: May 19, 2016

Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

channels specified in the statute; (2) the disclosure was 'public'; and (3) the relator's action is 'based upon' the allegations or transactions publicly disclosed." *Id.* (quoting *Malhotra v. Steinberg*, 770 F.3d 853, 858 (9th Cir. 2014)).

Defendants assert that the alleged disclosures were public and occurred through the channels identified in § 3730(e)(4)(A).  Defendants provide copies of the SBIR award listing database, the NIST project briefs index, and a NIST awards listing that include relevant details of the alleged contracts and, as to the SBIR contracts, identify Feng as the principal investigator for Newport Sensors.  (Deitz Decl. Exs. 1-3, Doc. 54.)[3]  Defendants also provide copies of Feng's faculty profile on UC Irvine and Columbia University's websites, which disclose Feng's employment as a professor and her research at each institution.  (Deitz Decl. Exs. 4-5, Doc. 54.)  Finally, Defendants provide a Freedom of Information Act response to the relator by the U.S. Department of Commerce, National Institute of Standards and Technology, (Deitz Decl. Ex. 6, Doc. 54), as well as a 2011 Form 8-K Report submitted to the Securities and Exchange Commission by Drayton Richdale Corporation, (Supp'l Deitz Decl. Ex. A, Doc. 62).  The FOIA response discloses the details of the NIST contracts, including the fact that Feng was listed as the principal investigator for the NIST ATP contract.  (Deitz Decl. Ex. 6.)  The 2011 Form 8-K Report states that Dr. Maria Feng, who was then a Chancellor's Professor at UC Irvine and the Founding Director of the Center for Advanced Monitoring and Damage Inspection at UC Irvine, is the same Dr. Feng who is an "integral principal" of Newport Sensors.  (Supp'l Deitz Decl. Ex. A.)  Notably, all the provided documents, with the exception of the FOIA response, are publicly accessible through the internet.  (*See* Deitz Decl. ¶ 2; Reply Deitz Decl. ¶ 2.)

---

[3] The relator argues that the declaration of Joshua Deitz "must be disregarded" because the Notice of Motion mentions a nonexistent declaration of Aaron P. Silberman and fails to identify the Deitz declaration.  (Opp. at 6-7.)  Given that the relator has received, reviewed, and responded to the correctly labeled declaration, he has suffered no prejudice from this error.  Accordingly, the Court declines to disregard the declaration on this basis.

---

CIVIL MINUTES – GENERAL                              9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                    Date: May 19, 2016

Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

We find that these disclosures were public and occurred through one of the channels specified in the statute.  Information publicly available on the Internet generally qualifies as "news media."  *See United States ex rel. Carter v. Bridgeport Educ., Inc.*, No. 10-cv-1401 JLS (WVG), 2015 WL 4892259, at *6 n.4 (S.D. Cal. Aug. 17, 2015) ("[T]he Court finds that the online comment made on May 14, 2010 qualifies as a public disclosure as news media."); *United States ex rel. Unite Here v. Cintas Corp.*, No. C 06-2413 PJH, 2007 WL 4557788, at *14 (N.D. Cal. Dec. 21, 2007) ("The 'fact' of the contracts between Cintas and the federal government was publicly disclosed in the news media, as that information was available on the Internet."); *United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 813 (11th Cir. 2015) ("[T]he clinics' publicly available websites, which are intended to disseminate information about the clinics' programs, qualify as news media for purposes of the public disclosure provision."); *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 408 (2011) (suggesting that the public disclosure bar, "especially [the] 'news media' [prong,] . . . provides 'a broa[d] sweep.'" (third alteration in original) (quoting *Graham Cty. Soil*, 559 U.S. at 290). Additionally, "[a] written agency response to a FOIA request falls within the ordinary meaning of 'report' [under section 3730(e)(4)]."  *Id*. at 410.  Finally, the relator acknowledges that he began his investigation with the "public information" reflected in the provided SBIR award listing database, the NIST project briefs index, the NIST awards listing, and the NIST FOIA response.  (Opp. at 21.)

Having found that the above disclosures were public and occurred through the appropriate channels, we turn to whether these public disclosures include "allegations" or "transactions" of fraud.  "The False Claims Act's public disclosure bar uses the terms 'allegations' and 'transactions' without defining either term."  *Raytheon Co.*, 816 F.3d at 570-71 (citing 31 U.S.C. § 3730(e)(4)(A)).  "Courts have interpreted 'allegation' to refer to a direct claim of fraud, and 'transaction' to refer to facts from which fraud can be inferred."  *Id*. at 571 (citations omitted).  Because the public disclosures do not contain "an explicit accusation of wrongdoing" in this action, we find there is no publicly disclosed allegation of fraud at issue here.  *See id*. (citation omitted).  However, the Ninth Circuit has "held that '[t]he substance of the disclosure . . . need not contain an explicit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                              Date: May 19, 2016
Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

"allegation" of fraud, so long as the material elements of the allegedly fraudulent "transaction" are disclosed in the public domain.'"  *Id.* (alteration in original) (quoting *United States ex rel. Found. Aiding the Elderly v. Horizon W., Inc.*, 265 F.3d 1011, 1014 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1189 (9th Cir. 2001)).  When analyzing whether a "transaction" has been publicly disclosed, the Ninth Circuit adopts the following test:

> If $X + Y = Z$, Z represents the allegation of fraud and X and Y represent its essential elements.  In order to disclose the fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, i.e., the conclusion that fraud has been committed . . . In a fraud case, X and Y inevitably stand for but two elements: a misrepresented state of facts and a true state of facts.  In order to invoke the jurisdictional bar, a defendant must show 'that the transaction . . . is one in which a set of misrepresented facts has been submitted to the government.'

*Id.* (internal quotation marks and alteration marks omitted) (quoting *Found. Aiding*, 265 F.3d at 1015, 1016-17).

We find that the public database listings, faculty profiles, and reports described a "transaction" within the meaning of the public disclosure bar.  In many of the documents that Defendants supplied to the Court, it is clear that Newport Sensors applied as a single company and identified Feng as the principal investigator for the NIST and SBIR contracts.  These documents therefore disclose the allegedly misrepresented fact submitted to the government: that Newport Sensors appropriately applied as a single company and that Feng was qualified to be the principal investigator for these contracts.  The faculty profiles and the SEC 8-K Report present the allegedly "true" set of facts: that Feng was a professor at UC Irvine.  Together, the combination of these publicly disclosed facts allows "readers or listeners" to infer "the conclusion that fraud has been committed": that given Feng's employment with UC Irvine, Defendants misrepresented

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  SACV 13-1164-JLS (JPRx)                    Date: May 19, 2016

Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

to the government that Feng was qualified to be a principal investigator and that no conflicts arose from this employment.

In his opposition brief, the relator raises a number of arguments that the documents provided by Defendants fail to publicly disclose a "transaction."  First, the relator suggests that the public disclosure bar should not apply because the required "true" and "misrepresented" facts were not contained in the same public document. (Opp. at 21.)  Second, the relator argues that three facts material to his FCA claims were not publicly disclosed: that (a) Feng was a *full-time* professor, (b) the address for Newport Sensors was Feng's residential address, and (c) the "Maria Feng" identified as a professor at UC Irvine is the same "Maria Feng" identified in the NIST and SBIR agreements as Newport's principal investigator.  (Opp. at 21-22.)  For the following reasons, we find these arguments unavailing.

First, courts have consistently held that "the elements of the fraud allegation [or transaction] need not have been made public in a single document" for the purposes of the public disclosure bar.  *See United States v. Catholic Healthcare W*., 445 F.3d 1147, 1151 n.1 (9th Cir. 2006) (citations omitted), *abrogated on other grounds by Schindler Elevator Corp*., 563 U.S. 401 (2011).  *See also United States ex rel. Ondis v. City of Woonsocket*, 587 F.3d 49, 54 (1st Cir. 2009) ("The two states of facts may come from different sources, as long as the disclosures together lead to a plausible inference of fraud."); *United States ex rel. Gilligan v. Medtronic, Inc*., 403 F.3d 386, 390 (6th Cir. 2005) ("[P]ublic disclosures contained in different sources, which together provide information that leads to a conclusion of fraud, trigger the public disclosure bar."). Second, the relator fails to explain *why* it is material to his FCA claim that the address for Newport Sensors was Feng's residential address, nor do we find it relevant or material. Third, Defendants provide a publicly disclosed document, the 2011 SEC 8-K Report, that expressly identifies UC Irvine professor Dr. Maria Feng as the same Maria Feng who works at Newport Sensors.  (Supp'l Deitz Decl. Ex. A.)  Finally, it is true that the faculty profiles and the SEC report do not *expressly* disclose that Feng was a full-time professor. However, the 2011 SEC 8-K Report described Feng as the "Chancellor's Professor at the Department of Civil and Environmental Engineering at [UC Irvine]" as well as "the

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                           Date: May 19, 2016

Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

Founding Director of the Center for Advanced Monitoring and Damage Inspection at [UC Irvine]." (Supp'l Deitz Decl. Ex. A at 5.)  Moreover, Feng's Columbia University faculty profile provides that Feng "joined the faculty at [UC Irvine] in 1992 where [s]he served at first as an Assistant Professor, then an Associate Professor, a Professor, and most recently as a Chancellor's Professor." (Deitz Decl. Ex. 5.)  The same profile also acknowledges her role as the Founding Director of the Center for Advanced Monitoring and Damage Inspection while at UC Irvine. (*Id.*)  Taken together, these publicly disclosed facts create the inference that Feng was a full-time employee of UC Irvine when Newport Sensors applied for the NIST and SBIR grants.

Having found that the provided public documents disclosed a "transaction" of fraud, we turn to whether the relator's allegations are "based upon" the public disclosures.  "[F]or a relator's allegations to be 'based upon' a prior public disclosure, 'the publicly disclosed facts need not be identical with, but only substantially similar to, the relator's allegations.'" *Raytheon*, 816 F.3d at 573 (citation omitted).  In *Raytheon*, the Ninth Circuit "articulate[d] an approach to evaluating whether two sets of allegations are similar enough to qualify as 'substantially similar' under the public disclosure bar." *See id.*  Adopting the approach of the Seventh Circuit, the *Raytheon* court held a complaint that is similar only at a high level of generality does *not* trigger the public disclosure bar. *Id.* at 573-577.  Thus, where a relator "alleges fraud that is different in kind and in degree from the previously disclosed information," or where a relator's "allegations are vastly more precise than the prior public reports about the [alleged] problems," the public disclosure bar should not apply. *Id.* at 578.

Here, we find that the publicly disclosed facts are substantially similar to the relator's allegations.  The relator alleges that Defendants violated the FCA by identifying Feng as a principal investigator, applying as a single company rather than as a joint venture with UC Irvine, and by falsely certifying that Feng was primarily employed with Newport. (*See, e.g.*, SAC ¶¶ 30, 31, 34-35, 44.)  However, all these claims are variations of the same core allegation: that Feng failed to disclose her full-time employment with the university or any conflicts arising from this employment.  Thus, the relator's allegations are substantially similar in kind and in degree with the "transaction" that, as

---

CIVIL MINUTES – GENERAL                                    13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1164-JLS (JPRx)                     Date: May 19, 2016

Title:  United States ex rel. Hong v. Newport Sensors, Inc. et al.

we note above, was previously and publicly disclosed.  The substantial similarities exist when looking at the basis of each allegation of fraud at the "appropriate level of generality." *See Raytheon*, 816 F.3d at 580.  Accordingly, we find that the public disclosure bar applies in this action and that, as a result, the Court has no jurisdiction over the instant matter.[4]

Given that the FCA's public disclosure bar applies, amendment would be futile as to the relator's claims.  We therefore GRANT the Motion to Dismiss, and the relator's claims are DISMISSED WITH PREJUDICE.  Because the Court grants dismissal with prejudice, we need not address Defendants' other arguments to dismiss or strike portions of the SAC.  We therefore DENY AS MOOT the Motion to Strike.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED.  The relator's FCA claims are therefore DISMISSED WITH PREJUDICE.  Because the Court grants the Motion to Dismiss, it DENIES AS MOOT Defendants' Motion to Strike.

Initials of Preparer:  tg

---

[4] As noted above, the public disclosure bar applies "unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A) (1986).  An "'original source' means an individual who has direct and independent knowledge of the information on which the allegations are based *and* has voluntarily provided the information to the Government before filing an action under this section which is based on the information." *Raytheon*, 816 F.3d at 569 n.6 (emphasis added) (quoting 31 U.S.C. § 3730(e)(4)(B) (1986)).  The relator acknowledges the existence of this exception, (Opp. at 9), and he asserts that he has "personal knowledge" of certain facts as a former professor and current professor emeritus at UC Irvine, (SAC ¶ 8).  However, the relator provides no supporting information that he satisfies the second voluntary-notice requirement, nor does he argue that he qualifies as an original source under the statute.  Accordingly, we find that the exception does not apply in the instant action.

---